IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | CIVIL NO. 17-00377 JMS-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CRENSTON W. SARAGOSA |
| vs. | |
| CRENSTON W. SARAGOSA, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT CRENSTON W. SARAGOSA[1]

Plaintiffs Trustees of the Hawaii Carpenters Trust
Funds ("Plaintiffs") filed a Motion for Default Judgment Against
Defendant Crenston W. Saragosa on September 20, 2017 ("Motion").
ECF No. 11.  Defendant was served with a copy of the Motion, but
did not file an opposition or otherwise respond.  See ECF No. 11-
8.  The Court found the Motion suitable for disposition without a
hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of
the United States District Court for the District of Hawaii.  ECF
No. 12.  After consideration of the Motion, the supporting
memoranda, exhibits, and the record in this action, the Court
FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on August 2, 2017.  ECF No. 1.  The Complaint alleges that Defendant was an employee eligible, along with his dependents, under a collective bargaining agreement for benefits from the Hawaii Carpenters Trust Funds.  Id. ¶ 6-7.  Defendant and his former spouse, Melissa K. Au-Saragosa, received benefits from the Hawaii Carpenters Trust Funds.  Id. ¶ 7.  Pursuant to the rules and regulations of the Hawaii Carpenters Trust Funds, coverage for a participant's spouse terminates upon the dissolution of the marriage.  Id. ¶ 8.

On August 20, 2014, Defendant submitted a form to the Hawaii Carpenters Trust Funds that indicated he was "single." Id. ¶ 9.  Plaintiffs sought clarification from Defendant asking that he submit his divorce decree as required by the agreement. Id.  On May 24, 2016, Defendant provided a copy of the decree showing that his divorce was finalized on July 7, 2011.  Id. Benefits in the amount of $57,758.37 were paid out on behalf of Melissa K. Au-Saragosa between the time of the divorce and May 24, 2016.  Id. ¶ 10.  Plaintiffs seek to recover $57,758.37 from Defendant and also request attorneys' fees and costs under the collective bargaining agreement and 29 U.S.C. § 1132(g).  Id. ¶¶ 13-14.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September

11, 2017.  ECF No. 9.

ANALYSIS

Default judgment may be entered for the plaintiff if
the defendant has defaulted by failing to appear and the
plaintiff's claim is for a "sum certain or for a sum which can by
computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).
The granting or denial of a motion for the entry of default
judgment is within the discretion of the court.  Haw. Carpenters'
Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).
Entry of default does not entitle the non-defaulting party to a
default judgment as a matter of right.  Valley Oak Credit Union
v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default
judgments are ordinarily disfavored, and cases should be decided
on their merits if reasonably possible.  Eitel v. McCool, 782
F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the
following factors in deciding whether to grant a motion for
default judgment:

> (1)  the possibility of prejudice to the
>      plaintiff;
>
> (2)  the merits of plaintiff's substantive
>      claim;
>
> (3)  the sufficiency of the complaint;
>
> (4)  the sum of money at stake in the action;
>
> (5)  the possibility of a dispute concerning
>      material facts;
>
> (6)  whether the default was due to excusable

3

neglect; and

(7)   the strong policy underlying the Federal
      Rules of Civil Procedure favoring
      decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint,

except those relating to the amount of damages, will be taken as

true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18

(9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d

557, 560 (9th Cir. 1977)).   The allegations in the complaint

regarding liability are deemed true, but the plaintiff must

establish the relief to which she is entitled.   Fair Hous. of

Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).   Also,

"necessary facts not contained in the pleadings, and claims which

are legally insufficient, are not established by default."

Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.

1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.

1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the

Court has an affirmative obligation to determine whether or not

it has subject matter jurisdiction over this action and personal

jurisdiction over Defendant.   See In re Tuli, 172 F.3d 707, 712

(9th Cir. 1999) ("To avoid entering a default judgment that can

later be successfully attacked as void, a court should determine

4

whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended. See 29 U.S.C. §§ 1132(a)(3)(B), (e). Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of California, 495 U.S. 604 (1990)). Here, the Declaration of Counsel submitted in support of the Request for Entry of Default states that service was made "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on August 6, 2017. ECF No. 8-1 ¶¶ 4-5. This service is sufficient under 29 U.S.C. § 1132(e)(2).

## B.   **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

### 1.   **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D.

Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

### 2.   Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Under Section 502(a)(3) of ERISA, a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."  29 U.S.C. § 1132(a)(3).  This provision authorizes only "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 256 (1993).  Equitable restitution under "ERISA is available where the defendant 'actively and deliberately' misleads the plaintiff to the plaintiff's detriment."  <u>Northwest Adm'rs, Inc. v. Cutter</u>, 328 Fed. Appx. 577, 578 (9th Cir. 2009) (equitable restitution available for medical benefits paid for woman who defendant misrepresented as his wife).

Here, Defendant wrongfully represented that Melissa K.

Au-Saragosa was eligible for benefits as his spouse under his
health plans after they were divorced.  ECF No. 1 ¶ 9.
Defendant's misrepresentation resulted in the improper payment of
$57,758.37 in health benefits for Melissa K. Au-Saragosa's
medical treatment.  Id. ¶ 10.  Those payments were "ill gotten
gains."  See Mertens v. Hewitt Associates, 508 U.S. 248, 260
(1993).  The Court finds that Plaintiffs' allegations, taken as
true, are sufficient to establish that they are entitled to
judgment against Defendant for equitable restitution.
Accordingly, this factor weighs in favor of default judgment.

### 3.    Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Complaint.  The
Court finds that the sufficiency of the Complaint also weighs in
favor of default judgment.

### 4.    Sum of Money at Stake

The Court "must consider the amount of money at stake
in relation to the seriousness of Defendant's conduct."  PepsiCo,
Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).
Plaintiffs seek $57,758.37 for health benefits that were
improperly paid out on behalf of Melissa K. Au-Saragosa.
Plaintiffs' request is tailored to Defendant's specific wrongful
conduct in misrepresenting that he was married to Melissa K. Au-
Saragosa from July 2011 to May 2016.  The Court finds that this

7

factor weighs in favor of default judgment.

### 5.    Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and he has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6.    Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Plaintiffs personally served Defendant with the Summons in this matter on August 6, 2017.  ECF No. 7.  Defendant did not file a response to Plaintiffs' Complaint or respond to Plaintiffs' request for entry of default, which Defendant was served with by mail on September 7, 2017. ECF No. 8-4.  In addition, Plaintiffs served Defendant with notice of the Motion on September 20, 2017.  ECF No. 11-8. Despite ample notice of this lawsuit and Plaintiffs' intent to seek default judgment, Defendant has not appeared in this matter to date.  The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.    Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8.    Totality of Eitel Factors

The Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C.    Damages

Plaintiffs contend that Defendant wrongfully obtained health benefits for Melissa K. Au-Saragosa in the amount of $57,758.37.  In support of this contention, Plaintiffs submitted the declaration of Kylie Wada, a benefits coordinator for the administrator of Plaintiffs.  See ECF No. 13-1.  The Court finds that Plaintiffs have established that they are entitled to an

9

award against Defendant in the amount of $57,758.37.

         In support of their request for attorneys' fees,
Plaintiffs reference in their Complaint the collective bargaining
agreement and 29 U.S.C. § 1132.  See ECF No. 11-1 at 9-10.
First, although Plaintiffs allege that the collective bargaining
agreement allows for the recover of attorney's fees, see ECF No.
1 ¶ 14, Plaintiffs do not reference a specific provision or
section of the collective bargaining agreement that would allow
for an award of fees against Defendant, a beneficiary, in this
case.  Plaintiffs did not provide a copy of the collective
bargaining agreement at issue.  The Court finds that Plaintiffs
have failed to demonstrate that they are entitled to an award of
attorneys' fees based on the collective bargaining agreement.
Second, Plaintiffs state that they are entitled to fees pursuant
to 29 U.S.C. § 1132(g).  Subsection 1132(g)(1) permits the court
"in its discretion" to award reasonable attorney's fees.  29
U.S.C. § 1132(g)(1).  Plaintiffs make no arguments to support
their request for fees under this provision.  See ECF No. 11-1.
The Court declines to exercise its discretion to award attorneys'
fees in this action.  Subsection 1132(g)(2) specifically covers
actions to recover delinquent contributions from employers under
Section 1145, which is not at issue in this case.  Accordingly,
the Court finds that Plaintiffs are not entitled to an award of
attorneys' fees under 29 U.S.C. § 1132(g).

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Defendant be GRANTED as follows:

(1)   Default judgment be entered in Plaintiffs' favor and against Defendant Crenston W. Saragosa;

(2)   Plaintiffs are entitled to an award of $57,758.37.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII OCTOBER 18, 2017.



_____
Richard L. Puglisi
United States Magistrate Judge

**HAW. CARPENTERS TRUST FUNDS, ET AL. V. SARAGOSA, CIVIL NO. 17-00377 JMS-RLP, FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CRENSTON W. SARAGOSA**